ILLINOIS CENTRAL RAILROAD COMPANY, Appellant,

v.

COMMONWEALTH of Kentucky ex rel. DEPARTMENT OF MOTOR TRANSPORTATION, C. M. Blackburn, Comm., et al., Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1958.

Rehearing Denied May 16, 1958.

Lively M. Wilson, Stites, Wood, Helm & Peabody, Louisville, for appellant.

Harry McChesney, Rudy Yessin, George L. Willis, III, Asst. Atty. Gen., for appellees.

CLAY, Commissioner.

Appellant railroad applied for an intrastate common carrier truck certificate to carry freight in conjunction with its rail service over various routes generally paralleling its rail lines. The Department of Motor Transportation denied the application, and its order was upheld by the circuit court.

The apparent objective of the railroad is to improve its service in handling less-than-carload lot local shipments. The truck operation would be substituted for pick-up and delivery by "peddler" freight cars. This latter service has proven slow, inefficient, and unsatisfactory to the shippers. The railroad has obtained from the Interstate Commerce Commission authority to so handle interstate freight moving to and from Kentucky.

The Department of Motor Transportation denied the railroad's application on the ground that "the existing transportation service is adequate" and the proposed service is not required "either by present or future public convenience and necessity". The record shows that at the present time there are existing authorized motor carriers operating over the routes proposed to be served by the applicant, and that they are adequately serving shippers on those routes.

The railroad contends that the Department failed to recognize that the service it proposes to render is an entirely different character of service than that now rendered by the present carriers. A number of cases from other jurisdictions are cited wherein the distinction in type of service was recognized and railroads were permitted to render a specialized and limited truck service. In most of these cases the courts upheld the finding of the regulatory body, and in many of them the certificates were restricted to the special service proposed to be rendered.

The difficulty with the railroad's position is that it expresses an intention to supplement its rail operation with a truck service, *but it has applied for an unrestricted regular route over-the-road truck certificate.* If the application was approved and the requested certificate issued, the railroad would be authorized to conduct a regular transportation service over the routes specified in direct competition with the present protesting truck carriers. There was no showing that the present general truck service over these routes is inadequate.

The Department found, and the record supports the finding, that the railroad is unwilling to have its certificate restricted to the specialized service it proposes to render. There may be a real need for that service, but the broad scope of the application required the Department to

examine other factors. Since the railroad applied for authority to furnish a general trucking service, even though it will be coordinated with rail service, the burden was on it to prove that the existing facilities were inadequate to provide this general service. This it did not do. The record amply justified the finding and conclusion of the Department.

The judgment is affirmed.